## DE LEON v. CORTES.

Circuit Court of Appeals, First Circuit.
December 27, 1927.

No. 2125.

1. **Appeal and error ⬤⟹1094(2)—Fact finding, in which district court and Supreme Court of Porto Rico concurred, will not be disturbed, unless clearly wrong.**

Finding of facts, in which district court and Supreme Court of Porto Rico concurred, will not be disturbed, unless clearly wrong.

2. **Witnesses ⬤⟹255(9)—Admission of testimony of witness, after refreshing his memory from stenographic notes of his testimony on a previous trial, held not error (Law of Evidence of Porto Rico, § 154; Rev. St. and Codes 1913, § 1522).**

Under Law of Evidence of Porto Rico, § 154 (Rev. St. and Codes 1913, § 1522), providing that a witness may refresh his memory respecting a fact "by anything written by himself or under his direction," when the fact was fresh in his memory, "though he retain no recollection of the particular facts," and under the ruling of the Supreme Court of Porto Rico that stenographic notes of the testimony of a witness given at a previous trial may be considered as taken under his direction, admission of testimony of a witness, after refreshing his memory from such notes, *held* not error, where the previous testimony was given when the facts were fresh in his memory.

Appeal from the Supreme Court of Porto Rico.

Action by Ramon Muniz de Leon against Ventura Cortes. From the judgment of the Supreme Court of Porto Rico, affirming a judgment of the district court in favor of defendant, plaintiff appeals. Affirmed.

E. B. Wilcox, of San Juan, Porto Rico (Juan B. Soto, of San Juan, Porto Rico, on the brief), for appellant.

Martin Travieso, of New York City, for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal from a judgment of the Supreme Court of Porto Rico affirming a judgment of the district court of the judicial district of Arecibo, Porto Rico. The plaintiff, the appellant here, assigns as error the admission and exclusion of testimony and the affirmance of the judgment of the district court.

In his amended complaint the plaintiff alleged that on or about the 10th of October, 1920, the plaintiff sold to the defendant a stock of goods, and agreed to deliver the same to one Agustin Suarez; that the defendant agreed to give to the plaintiff, for the value of said goods according to an inventory to be taken, his promissory note payable to the order of the plaintiff, with interest at the rate of 10 per cent. from the date of the delivery of the property to said Suarez; that the inventory was completed October 12, 1920, and represented the value of said goods to be $6,717.12, which was satisfactory to both Suarez and Cortes, the defendant; and that the defendant has never given to the plaintiff his promissory note for the value of said goods as shown by the inventory, or paid plaintiff for the same.

The prayer was that the defendant be ordered to deliver his promissory note to the plaintiff in accordance with the alleged agreement, and also pay to the plaintiff the sum of $10,000 as damages.

The answer denied that a contract for the

purchase of the stock of goods was made as alleged in the complaint, and stated that the defendant had agreed to become surety jointly with Julia Marrero, the mother-in-law of Suarez, for the payment of the sum of $3,-000 for said stock of goods; that, when the defendant was notified that the inventory of the goods called for the payment of over $6,-000, the defendant refused to become surety for the payment of this amount, and adhered to his former agreement to become surety jointly with the mother-in-law of Suarez for the sum of $3,000 only; that the mother-in-law refused to become a surety, and the defendant never entered into any contract of suretyship in connection with the purchase of said goods, and denied all the essential allegations of the complaint in regard to the alleged purchase and sale.

At the trial before the district judge there was testimony tending to sustain the allegations both of the complaint and the answer. The district judge was of opinion that the preponderance of the evidence was in favor of the defendant, and dismissed the complaint.

On appeal to the Supreme Court of Porto Rico, that court affirmed this finding of the district court, although it stated in its opinion: "This is one of the numerous cases where, if the finding had been for the complainant, perhaps we should have found no error. * * * There is a fair probability that Cortes did take some steps in aid of Suarez, whom he had helped before; but, in view of the findings of the court, we do not find enough in the record to make an independent finding, and the judgment should be affirmed."

Although the Supreme Court of Porto Rico states in its opinion that it could have affirmed a finding on the facts in favor of the plaintiff, if one had been made, it nevertheless, upon a discussion of the testimony and probabilities, affirmed the finding in favor of the defendant. The case, therefore, presented to us, is one in which both courts of Porto Rico have concurred in a finding of facts based upon oral testimony before the district court. Although the Supreme Court did so rather haltingly, there was no dissent by any judge of that court.

The case was heard upon an amended complaint, but in the original complaint filed by the plaintiff he had alleged a contract of suretyship, and the district court found that his position in the amended complaint was inconsistent with that taken by him in the original complaint. The Supreme Court suggests, in its opinion, that it was probably article 440 of the Commercial Code of Porto Rico (Rev. St. & Codes 1913, § 7999) that caused the complainant to change his position. This article is as follows:

"Art. 440. The commercial guaranty must be reduced to writing; otherwise, it shall be null and void."

[1] We find nothing in the record to convince us that it is our duty to deviate from the well-established rule that a finding of facts concurred in by both Porto Rican courts should not be disturbed unless plainly wrong. We are of opinion that this finding is not.

[2] The plaintiff has assigned as error that the district court erred in admitting the testimony of the marshal, who had served a summons and made an attachment, either in this or another case growing out of the same matter. There seems to have been another trial, in which the marshal was a witness. The testimony given by the marshal at this trial was taken by a stenographer, who was called and verified the record made by him. The marshal was then asked the following question:

"Q. Did Ramon Muniz de Leon make any statement to you with regard to the complaint, or the object of the complaint, or to a deal with Ventura Cortes, the performance of which was prayed for in the complaint?

"A. Now, after I have read the stenographer's report that has been shown me, I recall that at the conference that we had in plaintiff's office he explained to me the deal that he had had with Muniz."

Objection was made to his stating what was said at the time by the defendant. The court allowed him to testify, using the stenographic record to refresh his memory, and he stated that the plaintiff said at this time that "Ventura Cortes was the surety in the deal, and that Cortes afterwards had refused to perform the agreement." He was then asked if he really remembered that Muniz told him that Cortes was merely a surety in the deal, and he replied in the affirmative. Upon cross-examination he testified as follows:

"The record contains my statement made at that time, when my memory was fresh, because the facts had recently occurred. I deduce that those were the facts."

The substance of his testimony upon direct and cross examination was that he had refreshed his memory by reading the record of his testimony at the former trial, but that independently of this he had no recollection of what was said.

Section 154 of the Law of Evidence of

Porto Rico (Rev. St. and Codes 1913, § 1522) is as follows:

"A witness is allowed to refresh his memory respecting a fact, by anything written by himself, or under his direction, at the time when the fact occurred, or immediately thereafter, or at any other time when the fact was fresh in his memory, and he knew that the same was correctly stated in the writing. But in such case the writing must be produced, and may be seen by the adverse party, who may, if he choose, cross-examine the witness upon it, and may read it to the court or jury. So, also, a witness may testify from such a writing, though he retain no recollection of the particular facts, but such evidence must be received with caution."

This was taken from the Code of Civil Procedure of California, and the Supreme Court states in its opinion that California has decided that stenographic notes of a previous trial should be considered as taken under the direction of the witness, citing People v. McFarlane, 138 Cal. 481, 488, 71 P. 568, 72 P. 48, 61 L. R. A. 245; People v. Durrant, 116 Cal. 179, 213, 48 P. 75. In its opinion, the court further states: "As our Law of Evidence was taken from California, and the interpretation given by the courts meets with our approval, we shall follow that state." The witness had testified that his testimony at the former trial was given "when my memory was fresh because the facts had recently occurred." He also testified: "Undoubtedly a declaration that I made at that time, when I had my mind fresh in regard to events that took place, was the truth." We are of opinion that these statements show that the testimony was taken "when the fact was fresh in his memory," as required by the Porto Rican statute, and that there was no error in denying the motion to strike out the testimony of the witness after he had refreshed his recollection by reference to his testimony at the former trial.

The only other error assigned is that the district court excluded the testimony of Suarez as to what was said by the plaintiff in the presence of the defendant, when the plaintiff requested the defendant to give him the promissory note which it was alleged the defendant had agreed to do. Whether this testimony was properly excluded or not became immaterial, because later Suarez was allowed to testify as to what was said, as appears from the following testimony:

"Q. What was it that Cortes said to Muniz? A. Cortes told Muniz that he had sent for him, so as to withdraw his word in the deal that they had made.

"Q. Did Ramon Muniz express his acquiescence in what Cortes was saying? A. No, sir; he protested.

"Q. How did he protest? A. He protested, claiming that he (Cortes) had to perform what he had offered, as he (Muniz) had already delivered the store to me and gone out.

"Q. Was Ventura Cortes present when Muniz made that statement? A. Yes, sir.

"Q. Did anything else happen or not? A. Muniz asked him whether he (Cortes) wanted to get into a lawsuit, and he replied—

"Q. Who is 'he'? Whom do you mean by 'he'? A. Cortes said that Muniz was right in what he claimed, but that he withdrew his offer, and if he (Muniz) wanted to go into court he (Cortes) was ready."

It thus appears that, although Suarez was not at first permitted to testify as to the statements made by Muniz, he afterwards was allowed without objection to state what Muniz had said. If there was any error in excluding the testimony when first offered, it was cured by allowing Suarez without objection to testify as to statements made by Muniz.

The judgment of the Supreme Court of Porto Rico is affirmed, with costs to the appellee in this court.